97 P.3d 489

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jason WAIDELICH, Defendant–Appellant.**

**No. 29640.**

Court of Appeals of Idaho.

Aug. 18, 2004.

Wiebe & Fouser, Canyon County Public Defenders; Clinton S. Coddington, Deputy Public Defender, Caldwell, for appellant. Clinton S. Coddington argued.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent. Melissa Nicole Moody argued.

GUTIERREZ, Judge.

In October, 2002, Jason Waidelich attempted to break into a home and steal an English bulldog puppy. The puppy was valued at between $1,200 and $1,400 and was one of a litter that the owner was raising for the purpose of sale. Waidelich pled guilty to attempted burglary, pursuant to a plea agreement with the state. As a term of his sentence, the district court ordered restitution for a damaged window screen and for the cost of puppy boarding. At the restitution hearing, the victim testified that for

eight weeks after the attempted burglary, she had boarded her litter of puppies during periods while she was at work out of concern that Waidelich or his accomplices would return to steal the puppies. The cost of boarding was $960.

Waidelich appeals from the restitution order,[1] arguing that restitution for the cost of boarding the litter of puppies is not authorized by Idaho Code § 19–5304. For the reasons set forth below, we vacate the order of restitution.

## I.

### ANALYSIS

■ Waidelich asserts that the cost of boarding the puppies (the restitution) is not a proper item of restitution, because I.C. § 19–5304 does not contemplate this as an "economic loss" resulting from the crime. The state argues the restitution is encompassed by the definition of "economic loss" and is a result of the criminal act for which Waidelich was convicted.

■ The decision whether to order restitution is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19–5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct.App.2002). We will not overturn an order of restitution unless an abuse of discretion is shown. *Id.* In reviewing the trial court's exercise of discretion, this Court must determine whether the trial court: (1) correctly perceived the issue as one involving the exercise of discretion; (2) acted within the outer boundaries of its discretion and consistently with any legal standards applicable to specific choices it had; and (3) reached its decision by an exercise of reason. *State v. Powell*, 125 Idaho 889, 891, 876 P.2d 587, 589 (1994).

The argument raised by Waidelich requires that this Court interpret the language of I.C. § 19–5304, the statute the trial court

---

1. Waidelich has not appealed the restitution amount of $30 for the cost of the damaged window screen. Therefore this appeal focuses only on the restitution amount of $960, ordered for the cost of boarding the puppies.

expressly relied on to support the restitution award. The interpretation of a statute is a question of law over which we have free review. *State v. Miller,* 134 Idaho 458, 462, 4 P.3d 570, 574 (Ct.App.2000). Where the language of a statute is plain and unambiguous, the Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999).

Idaho Code § 19–5304 states, in pertinent part:

(1) As used in this chapter:

(a) "Economic loss" includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death or emotional distress.

. . . .

(2) Unless the court determines that an order of restitution would be inappropriate or undesirable, it shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim. . . .

■ The clear purpose of I.C. § 19–5304 is to obviate the need for a separate civil action in order to compensate crime victims. Restitution orders can be directed for the benefit of crime victims who suffer loss for: (1) the value of property taken, destroyed, broken, or otherwise harmed; (2) lost wages; and (3) direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct. I.C. § 19–5304(1). However, less tangible damages, such as pain and suffering, wrongful death and emotional distress are expressly excluded as items of restitution. *Id.* Consequently, the statute does not exist to make *all* crime victims whole.

In the instant case, the victim perceived a need to act to protect her litter of puppies from further possible theft. While we do not doubt that a victim of an attempted burglary feels a distinct sense of violation, and worries about the possibility of further violation, we conclude the victim's own assessment of actions necessary to prevent future harm is not a legal basis to sustain this restitution order. If such were allowed, a victim of car theft could claim restitution for building a garage to protect his vehicle, a victim of battery could purchase a firearm, and the burglary victim could purchase a home security system. We perceive few boundaries on the responses which victims could have to criminal acts or on the restitution awards that could result.

Idaho Code § 19–5304 is designed to remedy damage or loss where the injury is readily ascertainable. The cost of puppy boarding as a *preventive* measure following the crime does not qualify as a direct out-of-pocket loss or expense. We conclude such loss falls under the "less tangible damage" language of the statute, and is excluded from the definition of "economic loss." Therefore, the $960 cost of boarding the litter of puppies for eight weeks is not a proper item of restitution under Idaho Code § 19–5304.

## II.

## CONCLUSION

We conclude that the cost of boarding a litter of puppies as a prevention to possible further burglary attempts does not fall under the definition of "economic loss" as contemplated by Idaho's restitution statute, I.C. § 19–5304. Accordingly, the order of restitution for these costs is vacated.

Chief Judge LANSING and Judge PERRY concur.