103 P.3d 967

In the Interest of John Doe, A Juvenile.

STATE of Idaho, Plaintiff–Respondent,

v.

John DOE, Defendant–Appellant.

No. 29560.

Court of Appeals of Idaho.

Dec. 20, 2004.

David John Knowlton, Ogden, Utah, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

John Doe appeals from the intermediate appellate order of the district court affirming the trial court's finding that Doe falls within the purview of the Juvenile Corrections Act (JCA) for committing lewd conduct upon a child under the age of sixteen. We affirm.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

Doe, a fourteen-year-old Utah resident, was camping with his family and other relatives at their property in Caribou County, Idaho as part of an annual Memorial Day get-together. After the group finished dinner in a one-room farmhouse located on the property, Doe and his four-year-old niece, E.L., began to "roughhouse" on the upper level of a bunk bed. After being told to settle down several times, Doe and E.L. left the farmhouse to play outside. Approximately twenty minutes later the adults heard E.L. crying hysterically. E.L.'s mother ran outside and found her daughter, who reported that Doe had "put his finger in her bum and that it hurt really bad." Inside the farmhouse, a few seconds later, a still hysterical E.L. repeated her statement to her mother and grandmother and pointed at her vaginal area to show where Doe had put his

finger. A subsequent medical examination showed bruising to the introitus area of E.L.'s genitalia. The examining physician later testified that he concluded the injury had been caused by some sort of "penetrating trauma."

The state filed a juvenile petition against Doe, charging lewd conduct with a minor under sixteen years of age, I.C. § 18–1508. After an evidentiary hearing, the magistrate found Doe to be under the purview of the JCA, and ordered a suspended commitment to the Idaho Division of Juvenile Corrections. The magistrate placed Doe on probation for three years and entered a restitution order against Doe's parents. Doe appealed the magistrate's decision to the district court. The district court affirmed the magistrate's finding that Doe fell under the purview of the JCA and also affirmed the restitution order except to the extent that Doe's parents were ordered to pay restitution. Doe appeals from the district court's appellate decision and argues that the magistrate (1) abused his discretion in admitting certain hearsay statements; (2) denied Doe his constitutional right to confront witnesses; (3) erroneously admitted evidence of uncharged conduct; and (4) abused his discretion in ordering restitution.

## II.

### STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

## III.

### ANALYSIS

**A. Hearsay and Right to Confrontation**

Doe argues that the magistrate abused his discretion in admitting statements made by E.L. to her mother and grandmother at the farmhouse as well as statements made by E.L. and her mother to the attending physi-

cian because the statements were hearsay. Doe also contends that the admission of these statements violated his constitutional right to confront witnesses. We address these issues in turn.

**1. Farmhouse statements**

The magistrate admitted three of E.L.'s farmhouse statements into evidence finding that the statements fell under the excited utterance exception to Idaho's hearsay rule. The magistrate specifically allowed into evidence (1) E.L.'s statement to her mother that Doe had "put his finger in her bum and that it hurt really bad," (2) E.L.'s reiteration of that statement, a few seconds later, to her mother and grandmother, and (3) E.L.'s pointing to her vaginal area in response to a question from her mother about where Doe had put his finger.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c); *State v. Gomez,* 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App.1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. The excited utterance exception to the hearsay rule authorizes the admission of hearsay if the testimony recounts a "statement relating to a startling event or condition while the declarant was under the stress of excitement caused by the event or condition." I.R.E. 803(2). To fall within the excited utterance exception, an out-of-court statement must meet two requirements. First, there must be a startling event that renders inoperative the normal reflective thought process of the observer and second, the declarant's statement must be a spontaneous reaction to that event rather than the result of reflective thought. *State v. Parker,* 112 Idaho 1, 4, 730 P.2d 921, 924 (1986); *State v. Hansen,* 133 Idaho 323, 325, 986 P.2d 346, 348 (Ct.App. 1999). Whether a statement falls within the excited utterance exception is left to the sound discretion of the trial court. *State v. Bingham,* 116 Idaho 415, 421, 776 P.2d 424, 430 (1989); *Hansen,* 133 Idaho at 325, 986

P.2d at 348. The decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *State v. Hoover,* 138 Idaho 414, 419, 64 P.3d 340, 345 (Ct.App.2003).

Doe asserts that E.L.'s statements do not meet either of the requirements necessary to fall within the excited utterance exception. Doe contends that one might "only speculate" that E.L. was crying in response to some act committed by Doe. Doe argues that the existence of some startling event in this matter can be identified only by assuming the truthfulness of E.L.'s statement. Accordingly, Doe asserts that the occurrence of some startling event in this case needed to be "established independent of the child's declaration." Doe offers no legal authority for this argument. Failure to provide legal citations waives the issue. I.A.R. 35(a)(6); *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Furthermore, Doe's argument ignores the corroborative testimony of the examining physician which indicated that the physical injury occurred by penetrating trauma.

In ruling on the admissibility of a statement under the excited utterance exception, the trial court considers the totality of circumstances surrounding the statement. *Hoover,* 138 Idaho at 419, 64 P.3d at 345. The circumstances to be considered include the amount of time that elapsed between the startling event and the statement, the nature of the condition or event, the age and condition of the declarant, the presence or absence of self-interest, and whether the statement was volunteered or made in response to a question. *Hansen,* 133 Idaho at 325, 986 P.2d at 348.

With regard to these circumstances, the evidence in this case established that E.L. made the statements within minutes of having suffered injury, as soon as her mother reached her; that the injury suffered was of an intimate and shocking nature; that E.L. was only four years old; and that the statements were made in response to her mother asking what was wrong upon finding E.L. crying hysterically. We conclude, in light of the evidence presented, that the magistrate was within his discretion in determining that E.L.'s statements were not the product of reflective thought. Accordingly, we also conclude that the magistrate did not abuse his discretion in determining that E.L.'s statements to her mother and grandmother, made moments after she was discovered crying hysterically, fell within the excited utterance exception to Idaho's hearsay rule. *See State v. Kay,* 129 Idaho 507, 927 P.2d 897 (Ct.App. 1996); *State v. Monroe,* 128 Idaho 676, 917 P.2d 1316 (Ct.App.1996); *State v. Valverde,* 128 Idaho 237, 912 P.2d 124 (Ct.App.1996); *State v. Stover,* 126 Idaho 258, 881 P.2d 553 (Ct.App.1994).

Doe also contends that the admission of E.L.'s statements at the farmhouse violated his constitutional right to confront witnesses. Doe, relying on *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), argues that those statements possess no particularized guarantees of trustworthiness and should have been excluded.

In *Wright,* the United States Supreme Court reiterated and applied an approach adopted in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), for determining when statements admissible under an exception to the hearsay rule also satisfy the Confrontation Clause. The *Roberts* formulation requires that the prosecution generally must demonstrate the unavailability of the declarant whose out-of-court statement it wishes to use against the defendant; and once the unavailability is established, the statement is admissible only if it bears adequate indicia of reliability. *Id.* at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 607. *Roberts* held that reliability can be inferred where the evidence falls within a "firmly rooted hearsay exception," but if a firmly rooted hearsay exception is not applicable, the Confrontation Clause precludes admission of the evidence unless the prosecution shows the statement carries "particularized guarantees of trustworthiness." *Id.* at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608.

Subsequent to the parties' briefing in this case, the Supreme Court released its opinion in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), which significantly altered Confrontation

Clause analysis. Under *Crawford*, the initial focus is upon whether the statement was testimonial in nature and, if so, whether the defendant had an opportunity to cross-examine the declarant concerning the statement. *Crawford*, 541 U.S. at ——, 124 S.Ct. at 1374, 158 L.Ed.2d at ——. The *Crawford* court held that where testimonial hearsay is involved, its use in evidence against the defendant is barred by the Confrontation Clause unless the statement was subjected to "testing in the crucible of cross-examination." *Id.* at ——, 124 S.Ct. at 1370, 158 L.Ed.2d at ——. Although the Supreme Court specifically declined to delineate a comprehensive definition of "testimonial," it stated that:

> Various formulations of this core class of "testimonial" statements exist: [1] *ex parte in-court testimony or its functional equivalent*—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially ... [2] *extrajudicial statements ... contained in formalized testimonial materials,* such as affidavits, depositions, prior testimony, or confessions ... [3] *statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial ....*

*Crawford*, —— U.S. at ——, 124 S.Ct. at 1364, 158 L.Ed.2d at ——. (Emphasis added.) In the present case, the statements at issue are clearly non-testimonial, and therefore are not subject to the *Crawford* cross-examination requirement for testimonial hearsay.

Although *Crawford* overruled *Roberts* with respect to testimonial hearsay, making such hearsay inadmissible if it was not subjected to prior cross-examination, it is open to dispute whether *Crawford* also abrogates *Roberts* with respect to non-testimonial statements. On the one hand, *Crawford* thoroughly criticizes the failings of the *Roberts* reliability analysis and the inconsistencies in application that it has wrought. On the other hand, the *Crawford* court expressly declined to overrule *White v. Illinois*, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), where the Court considered and rejected the proposition that the Confrontation Clause applies only to testimonial statements, leaving regulation of non-testimonial statements to be controlled by hearsay rules. *Crawford* at ——, 124 S.Ct. at 1370, 158 L.Ed.2d at ——. The *Crawford* court commented, "Although our analysis in this case casts doubt on [the *White* ] holding, we need not definitively resolve whether it survives our decision." *Id.* Some courts have interpreted *Crawford* as exempting non-testimonial hearsay from Confrontation Clause scrutiny, *e.g.*, *People v. Conyers*, 4 Misc.3d 346, 777 N.Y.S.2d 274 (2004), but others have concluded that the *Roberts* standards survive *Crawford* with respect to non-testimonial statements, *e.g.*, *Horton v. Allen*, 370 F.3d 75 (1st Cir.2004); *United States v. McClain*, 377 F.3d 219, 221 n. 1 (2nd Cir.2004); *People v. Corella*, 122 Cal.App.4th 461, 18 Cal.Rptr.3d 770 (2004); *State v. Rivera*, 268 Conn. 351, 844 A.2d 191 (2004); *Miller v. State*, 98 P.3d 738 (Okla.Crim.App.2004). We conclude that because the *Crawford* majority did not expressly overrule *Roberts* or *White*, caution requires that we continue to apply the *Roberts* standard to non-testimonial hearsay. Here, we have held that the child victim's statements to her mother and grandmother fall within the hearsay exception for excited utterances. Because this is a firmly rooted hearsay exception, *White*, 502 U.S. at 355 n. 8, 112 S.Ct. at 742 n. 8, 116 L.Ed.2d at 859 n. 8, the evidence satisfied the *Roberts* standard and did not violate the Confrontation Clause.

### 2. Hospital statements

Doe also argues that the magistrate erroneously admitted hearsay by allowing Dr. Lee Bules, E.L.'s examining physician, to testify as to what E.L.'s mother had told him and what E.L. herself reported to him. Doe objected to the admission of this testimony as hearsay, and the magistrate sustained this objection. Because the objection was sustained, Doe's current argument that the statements were inadmissible as hearsay is unwarranted.

However, the magistrate did allow the evidence to be admitted for foundational purposes rather than for the truth of the matter

asserted. On appeal, Doe asserts that the evidence was irrelevant for such purposes. Evidentiary rulings by the trial court are reviewed for an abuse of discretion. *State v. Porter*, 130 Idaho 772, 785, 948 P.2d 127, 140 (1997). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. Because the magistrate disallowed use of the statements expressed to the doctor for the truth of the matter asserted, the question before us is whether some other material fact at issue in the trial was made more or less probable by use of the statement.

■■■ The magistrate ruled that the statements expressed to Dr. Bule were relevant for purposes of determining whether a proper foundation existed for submission of Dr. Bule's expert opinion. Dr. Bule testified that taking a medical history, including the solicitation of statements explaining what had triggered the medical examination, is standard practice. Accordingly, the medical history solicited by Dr. Bule constituted part of the facts and data relied upon by him in forming his expert opinion. Facts and data that are otherwise inadmissible but relied upon by an expert in forming an opinion are not to be disclosed to the factfinder unless the trial court determines that their probative value in assisting the factfinder to evaluate the expert's opinion substantially outweighs their prejudicial effect. I.R.E. 703. In this case, the trier of fact was a judge, not a jury, and we conclude that Doe has failed to demonstrate that the magistrate abused his discretion in determining that the evidence should be admitted but was not to be considered for the truth of the matter asserted. Doe has presented no reason for us to overturn the trial court's decision to allow the evidence for foundational purposes.

■■■ Doe also claims that the admission of Dr. Bule's testimony regarding the out-of-court statements made to him by E.L and her mother also violated his right to confront witnesses. The statements made to

Dr. Bule were specifically not admitted as hearsay but were admitted as foundation for the doctor's testimony regarding his examination of E.L. and the conclusions he drew therefrom. Confrontation Clause analysis under *Crawford* does not apply where, as in the case of foundational evidence, the probative value of a statement is not dependent on its reliability. *United States v. Trala*, 386 F.3d 536, 544 (3d Cir.2004), *citing Tennessee v. Street*, 471 U.S. 409, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985). In the instant matter, there was absolutely no risk that the magistrate would mistakenly consider the truth of the statements. We conclude that Doe's rights under the Confrontation Clause were therefore satisfied.

## B. Uncharged Conduct

Doe argues that the magistrate erroneously admitted evidence of prior misconduct. During direct examination by Doe's trial counsel, Doe's mother testified that, at the time of the crime, she told everyone that Doe had "never done anything like this before." On cross-examination, the prosecutor requested clarification of this statement and began asking whether Doe had ever been in trouble at school for inappropriate conduct with female classmates. Doe's trial counsel objected under I.R.E 404(b), and the magistrate sustained this objection. However, the magistrate allowed cross-examination on this issue solely for purposes of impeachment. Doe's mother thereafter testified that Doe had been in trouble at school for not being quiet in class.[1]

■■■ Evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's criminal propensity. I.R.E. 404(b); *State v. Needs*, 99 Idaho 883, 892, 591 P.2d 130, 139 (1979); *State v. Winkler*, 112 Idaho 917, 919, 736 P.2d 1371, 1373 (Ct.App. 1987). However, such evidence may be admissible for a purpose other than that prohibited by I.R.E. 404(b). *State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct.App. 2002). Rule 404(b) lists several permissible purposes such as proof of motive, intent,

---

1. Evidence at the sentencing hearing indicated that Doe had made improper sexual comments or engaged in improper sexual conduct with girls at his school and in his neighborhood.

plan, knowledge, and identity, but this is not an exclusive list. *State v. Hairston*, 133 Idaho 496, 501, 988 P.2d 1170, 1175 (1999); *State v. Arledge*, 119 Idaho 584, 588, 808 P.2d 1329, 1333 (Ct.App.1991). Evidence offered for the purpose of impeachment may be admissible, although not listed in 404(b). *Id.* To be admissible, such evidence must be relevant to show something other than the defendant's character and propensity to commit the crime charged; it must be relevant to a material and disputed issue. *Hairston*, 133 Idaho at 501, 988 P.2d at 1175. Even if relevant and introduced for a permissible purpose, evidence of uncharged misconduct is subject to exclusion if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.*; I.R.E. 403.

■■■ As this Court noted in *State v. Arledge*, 119 Idaho 584, 588, 808 P.2d 1329, 1333 (Ct.App.1991), "whenever evidence is introduced for purposes of impeachment, it necessarily involves a witness' credibility, and credibility is always relevant." *See also State v. Hairston*, 133 Idaho at 503, 988 P.2d at 1177. Accordingly, we turn to the second step in the analysis: determination of whether the probative value of the evidence is substantially outweighed by unfair prejudice. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App.1993). When reviewing this step we use an abuse of discretion standard. *Id.* The trier of fact in this case was a judge, and there is no evidence that the magistrate considered this testimony for anything other than impeachment, the only purpose for which the cross-examination was allowed. Thus, there was no danger of unfair prejudice. Doe's assignment of error on this point accordingly fails.

## C. Restitution

■■■ Doe asserts that the magistrate erred in ordering restitution for earnings lost by E.L.'s parents for time they were off work to attend court proceedings or other matters related to Doe's case. Doe argues that I.C. §§ 20–520(3) and 19–5304(2) limit an award of restitution only to the economic loss actually suffered by the victim. We review an award of restitution under the abuse of discretion standard. *State v. Bybee*, 115 Idaho

541, 544, 768 P.2d 804, 807 (Ct.App.1989). A court may order a juvenile under the purview of the JCA to pay restitution in accordance with the standards and requirements of I.C. §§ 19–5304 and 19–5305. I.C. § 20–520(3). Under I.C. § 19–5304(1)(e)(i), the term "victim" includes the immediate family of a minor. Doe's contention that E.L.'s parents may not receive restitution is therefore without merit.

■■■ Doe also argues that the amount of restitution awarded was excessive, and implies that E.L.'s parents have received an economic reward or windfall under the guise of restitution. The district court, acting in its appellate capacity, ruled that Doe's argument on this issue was based upon a mischaracterization of the record, an assessment with which we agree. Doe argues that the father's net income was about $1,000 a month, and then assails the $3,300 awarded as representing 25 percent of the father's annual net income. However, the victim's father testified that he pays nearly $6,000 a month on leases for his business equipment. Doe asserts that these overhead costs are not incurred when one misses work, a contention that lacks support in the record. Because those overhead costs are due regardless of whether one works on a given day, a proper calculation of the amount lost by the victim's father contemplates gross figures. The victim's father testified that he grossed around $60,000 a year; the $3,300 award therefore represents a figure closer to 5 percent of the father's annual gross income. Doe has failed to show that the magistrate's approach was error.

■■■ The record also does not support a conclusion that the magistrate abused his discretion in determining the amount of restitution. The magistrate awarded restitution in the amount of $3,300 for lost income from self-employment based on E.L.'s father's gross earnings per day for eleven days and $2,700 in restitution for E.L.'s mother's lost wages based upon her daily average wage and nine days missed from work. The record supports this ruling. A letter from the victim's father, as well as his testimony at the restitution hearing, support the amount of the award, and there is no other evidence

in the record to contest these amounts. Doe apparently made no effort to cross-examine witnesses on their economic loss, and we will not presume that such cross-examination would have provided support for Doe's current position. Based on the record as it stands, we conclude the trial court's decision was not an abuse of discretion.

## IV.

## CONCLUSION

We conclude that the magistrate did not abuse his discretion in determining that E.L.'s statements to her mother and grandmother fell within the excited utterance exception to Idaho's hearsay rules. We furthermore conclude that the statements made to E.L.'s doctor were permissibly admitted solely for foundational purposes. Doe's right to confront witnesses was not violated by the admission of any of these statements. We also conclude that the evidence of prior wrongful acts was admitted solely for impeachment purposes and that the magistrate did not abuse his discretion in ordering restitution. Accordingly, the order of the district court, on intermediate appeal, affirming the magistrate's decree that Doe fell within the purview of the Juvenile Corrections Act, is affirmed.

Chief Judge LANSING and Judge PERRY concur.