139 P.3d 767

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stacey Lynn PARKER, Defendant– Appellant.**

**No. 31405.**

Court of Appeals of Idaho.

June 12, 2006.

---

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Stacey Lynn Parker was placed on probation following her conviction for forgery. On appeal, she asserts that the district court erred in ordering her to pay, as restitution and as a condition of probation, $16,133.75 for attorney fees that the victim incurred in a separate civil action against Parker.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

While Parker was working as a bookkeeper at a business owned by the victim, she prepared ten unauthorized checks drawn on the business's account and totaling over $18,000, forged the victim's signature on those checks, and deposited the funds into her own account. Parker was charged with ten counts of forgery. In addition, the victim filed a civil action against Parker and others. This lawsuit was indefinitely stayed after Parker filed a bankruptcy petition. Parker eventually pleaded guilty to one count of forgery, and the remaining charges were dismissed. At sentencing, the district court withheld judgment and placed Parker on probation. As a term of her probation and in a separate restitution order, Parker was required to pay restitution to the victim for the amounts of the forged checks.[1] In addition, over Parker's objection, the court ordered

---

1. Parker was ordered to pay restitution for all of the forged checks, not just the single count to which she pleaded guilty. She does not contend that this was error.

her to pay as restitution and as a condition of probation $16,133.75 for attorney fees the victim had incurred in the civil case.[2]

Parker now appeals, contending that the victim's attorney fees incurred in the civil action were not a direct economic loss resulting from her criminal conduct, and therefore not appropriate as restitution or as a condition of probation.

## II.

## DISCUSSION

### A. Payment of Attorney Fees as Restitution

Idaho Code § 19–5304(2), authorizes trial courts to order restitution for "economic loss" that the crime victim actually suffers as a result of the crime. Parker contends that the court erred in ordering restitution here because the attorney fees incurred by the victim in her civil lawsuit against Parker were not a direct result of the criminal conduct and therefore did not qualify as an "economic loss" under I.C. § 19–5304(1)(a).

Section 19–5304(2) authorizes an order of restitution for any crime that results in an economic loss to the victim. "Economic loss" is defined as follows:

> "Economic loss" includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death, or emotional distress.

I.C. § 19–5304(1)(a). One of the purposes of restitution is to obviate the need for victims to incur the cost and inconvenience of a separate civil action in order to gain compensation for their losses. *State v. Waidelich*, 140 Idaho 622, 624, 97 P.3d 489, 491 (Ct.App. 2004); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct.App.1989). However, the statute disallows restitution for non-economic

damages that might be available in a civil lawsuit, such as pain and suffering, wrongful death, emotional distress, and the like. I.C. § 19–5304(1)(a).

In *State v. Olpin*, 140 Idaho 377, 378, 93 P.3d 708, 709 (Ct.App.2004), we considered a restitution order compensating a business that paid salaries to its employees for investigating the extent of the defendant's theft. We held that the business was entitled to restitution for the salaries, because the labor would not have been otherwise needed and was therefore a direct result of the defendant's crimes. Similarly, a victim may be compensated for losses or expenses incurred in attending the restitution hearing and other criminal proceedings. *State v. Doe*, 140 Idaho 873, 880, 103 P.3d 967, 974 (Ct.App.2004); *Olpin*, 140 Idaho at 378, 93 P.3d at 709; *State v. Russell*, 126 Idaho 38, 39, 878 P.2d 212, 213 (Ct.App.1994). These cases show that "economic loss" includes necessary expenses or losses that the victim incurred in order to address the consequences of the criminal conduct.

It does not follow, however, that restitution may be ordered pursuant to I.C. § 19–5304 for *any* out-of-pocket expense that the victim would not have incurred but for the defendant's crime. We made clear in *Waidelich* that there are limits to the reach of restitution. In that case, the defendant was convicted of attempted burglary for trying to break into a home and steal a valuable puppy. The victim sought restitution for the cost she paid to board her litter of puppies for eight weeks after the attempted burglary out of concern that the defendant or his accomplices would return to steal the puppies. We held that this expense for prevention of future harm was not compensable through a restitution order, noting that the victim's own assessment of actions necessary to respond to a crime is not the correct measure for restitution under section 19–5304. *Waidelich*, 140 Idaho at 624, 97 P.3d at 491.

---

**2.** The district court disallowed restitution for accounting expenses incurred after Parker was fired because these services were in the regular course of business and not related to Parker's

crimes. The district court also refused restitution for the victim's loss of business that she claimed occurred as a result of the financial disruption.

With these authorities in mind, we conclude that the principal question in assessing the restitution award for attorney fees in the present case is whether the attorney fees for filing the civil lawsuit were an expense that was necessary in order for the victim to recover the losses caused by Parker's forgeries. It is apparent that they were not. The only claim alleged in the civil complaint relating to the forged checks was for the amount of the forged checks, which is precisely what the victim was clearly entitled to receive and did receive in the restitution order. The victim's civil complaint also claimed damages for overpayment of wages that resulted from Parker submitting false time sheets, and for conspiracy and unjust enrichment related to two other defendants. None of these additional damages are alleged to have resulted from the forgeries. Under these circumstances, the lawsuit and the associated attorney fees were unnecessary to recover the victim's direct loss caused by the forgeries, for that loss was entirely compensable through the restitution order in the criminal case. Any judgment that the victim might have recovered in the civil litigation for the forged checks would have been duplicative of the restitution ordered in the criminal case. Therefore, the attorney fees related to the lawsuit are not an economic loss compensable through a restitution order under I.C. § 19–5304(1)(a).

### B. Payment of Attorney Fees as a Term of Probation

We next consider the State's argument that even if the order for payment of these fees was impermissible as restitution, it was proper as a condition of probation. Orders for restitution under I.C. § 19–5304(2) are distinct from orders for compensation of the victim that may be included as terms of probation under I.C. § 19–2601(2). The latter statute authorizes a trial court to place a defendant on probation "under such terms and conditions as it deems necessary and expedient." Section 19–2601(2) is designed to give courts "maximum flexibility to fashion the sentence most appropriate to the individual defendant." *State v. McCool,* 139 Idaho 804, 807, 87 P.3d 291, 294 (2004); *State v. Wagenius,* 99 Idaho 273, 279, 581 P.2d 319,

325 (1978). Its broad language does not include the limitations found in section 19–5304 for restitution orders. Thus, a court has wider discretion under section 19–2601(2) to order monetary compensation to victims as a condition of probation.

A condition of probation must be reasonably related to the purpose of probation, which is rehabilitation. *McCool,* 139 Idaho at 807, 87 P.3d at 294; *State v. Cross,* 105 Idaho 494, 495, 670 P.2d 901, 902 (1983); *State v. Sandoval,* 92 Idaho 853, 860–61, 452 P.2d 350, 357–58 (1969). Compensation of the victim is a proper and often useful condition of probation because it can impress upon defendants the seriousness of their offenses and deter them from future illegal activity. *Cross,* 105 Idaho at 496, 670 P.2d at 903. Victim reimbursement "facilitates rehabilitation by confronting the defendant with the consequences of his or her criminal conduct and forcing the defendant to accept financial responsibility for the resulting harm." *State v. Breeden,* 129 Idaho 813, 816, 932 P.2d 936, 939 (Ct.App.1997). Orders for reimbursement payments, beyond payment of a victim's direct economic loss from the crime, have been approved as terms of probation. *See McCool,* 139 Idaho 804, 87 P.3d 291 (reimbursement of county for counseling services that defendant received while in the drug court program); *State v. Jeffs,* 140 Idaho 466, 95 P.3d 84 (Ct.App.2004) (payment of child support to fifteen-year-old girl who was impregnated by defendant's unlawful sexual contact).

In this case, however, we conclude that the ordered payment of the victim's attorney fees was not a permissible condition of probation. As explained above, the victim's civil action encompassed several claims that were not based upon the charged forgeries and also encompassed claims against third persons. It therefore is not clear whether or to what extent the attorney fees represent "resulting harm" from the crime to which Parker pleaded guilty. Of equal importance, the validity of the victim's civil claims against Parker, other than the claim for the forgery, have not been adjudicated. Parker's guilty plea in the criminal case did

not include an admission of the other alleged wrongdoing delineated in the victim's civil complaint, and there has been no judicial determination that Parker bears liability on those claims. It was premature, therefore, for the trial court to order Parker's payment of attorney fees incurred by the victim to pursue claims of unknown validity. The merits of the underlying claims, and of the victim's request for an award of attorney fees incurred in pursuing those claims, must be determined in the civil action.

### III.

### CONCLUSION

The district court's orders for payment of the victim's attorney fees as restitution under I.C. § 19–5304(1)(a) and as a condition of probation are reversed.

Chief Judge PERRY and Judge GUTIERREZ concur.

