■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MENDEZ, Appellant. [856 NYS2d 204]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered November 15, 2004, convicting him of gang assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant contends that since both convictions arose out of a single transaction, a fight between two groups in which the victims incurred serious stab wounds and other physical injuries, Penal Law § 70.25 required the imposition of concurrent sentences. The defendant asserts that he had one "general" intent to attack and assault the victims collectively, and that none of his violent actions could be determined as directed towards any one particular victim of the second group. There is no merit to this contention.

The applicable sentencing provision, Penal Law § 70.25 (2), states: "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act . . . or through an act . . . which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently." However, where the convictions are based on separate and distinct acts which are independently punishable, consecutive sentences are permitted (see People v Ramirez, 89 NY2d 444, 451 [1996]; People v Maloy, 36 AD3d 1017 [2007]; People v Reyes, 239 AD2d 524 [1997]; People v Abreu, 184 AD2d 707, 712 [1992] [concurrence by Eiber, J.]; see also People v Perkins, 27 AD3d 890, 893-894 [2006]; People v McDaniel, 295 AD2d 371 [2002]; see generally People v Laureano, 87 NY2d 640, 643 [1996]). In this instance, as the People correctly contend, the two offenses of which the defendant was convicted were committed through the separate and distinct acts of the stabbing of two separate individuals by the members of the defendant's group. Thus, the

imposition of consecutive sentences was permissible (*cf. People v Snyder*, 304 AD2d 776 [2003]; *People v D'Amico*, 296 AD2d 579 [2002]). Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.