Lahtinen, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered August 21, 2007, convicting defendant upon his plea of guilty of two counts of the crime of criminal sexual act in the third degree.
On June 30, 2006, defendant, who was 39 years old, allegedly engaged in sexual conduct with two boys, ages 11 and 13. He subsequently pleaded guilty to two counts of criminal sexual act in the third degree and was sentenced to consecutive prison terms of lVs to 4 years. County Court also directed a reparation of $728.11, reflecting the cost incurred by the mother of one of the young boys to travel from her and her son’s home in Texas to appear and address the court before sentencing regarding the impact the crime had upon the child. Defendant appeals arguing that County Court erred in imposing consecutive sentences and in assessing the reparation.
“ [Sentences may be imposed to run consecutively when multiple offenses are committed through separate and distinct acts, though they are part of a single transaction” (People v Ramirez, 89 NY2d 444, 451 [1996]; see People v Perkins, 27 AD3d 890, 893-894 [2006], Ivs denied 6 NY3d 897 [2006], 7 NY3d 761 [2006]; People v May, 263 AD2d 215, 221 [2000], lv denied 94 NY2d 950 [2000]; cf. People v Dean, 8 NY3d 929, 930-931 [2007]). During the plea allocution, defendant admitted that he placed his mouth on the penis of one victim. He further acknowledged that, as to the other victim, he put his penis in the mouth of that child. The plea allocution set forth facts establishing separate and distinct acts perpetrated upon two victims. Accordingly, consecutive sentences were proper (see People v Lanfair, 18 AD3d 1032, 1033-1034 [2005], lv denied 5 NY3d 790 [2005]; see also People v Mendez, 50 AD3d 924, 924-925 [2008], lv denied 10 NY3d 962 [2008]).
Defendant did not object to the amount of the reparation, which consisted of air fare from Texas ($328.11 round trip) and four days lost wages as a waitress. He limited his argument to the contention that the costs are not a proper reparation. We cannot agree. As the parent of a child victim, the mother was also a victim under the restitution and reparation statute (see Penal Law § 60.27 [4] [b]; see also Executive Law § 621 [6]). She had an absolute right, flowing directly from defendant’s admit *904 ted criminal conduct, to appear and address County Court about the effect of the crime on the child (see CPL 380.50 [2] [a] [2]; [b]). Penal Law § 60.27 (1) authorizes “reparation for the actual out-of-pocket loss caused [by defendant’s offense].” While neither party provided a case from this state directly on point, several other jurisdictions have construed their restitution/ reparation statutes to include, under some circumstances, similar expenses as County Court awarded here (see e.g. People v Lassek, 122 P3d 1029, 1036 [Colo 2005]; State v Doe, 140 Idaho 873, 880, 103 P3d 967, 974 [2004]; State v Madrid, 207 Ariz 296, 298-300, 85 P3d 1054, 1056-1058 [2004]; United States v Pizzichiello, 272 F3d 1232, 1240-1241 [9th Cir 2001], cert denied 537 US 852 [2002]; In re Welfare of J.A.D., 603 NW2d 844, 847 [Minn 1999]). Significantly, New York has a “longstanding policy of promoting, encouraging and facilitating the use of restitution to reimburse victims for monetary and other losses caused by criminal conduct” (People v Horne, 97 NY2d 404, 412 [2002]). The modest reparation directed here was consistent with this long-standing policy. The mother, both as a victim herself and more importantly to exercise her statutory right to speak to the court on behalf of the child victim, incurred actual costs directly caused by defendant’s criminal conduct. Under these circumstances, we are unpersuaded that County Court improvidently exercised its discretion in ordering the payment (see People v Contes, 289 AD2d 128, 129 [2001]).
Cardona, EJ., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.