Judge GRATTON,
concurring in part and dissenting in part.
I concur with the majority except for its analysis and reasoning as to the district court’s award of lost wages for full days. I do not believe that the district court abused its discretion. While I share the majority’s frustration with the rather scant testimony in the record,[1]1 believe that the facts and reasonable inferences support the award.
*530 First, Douglas Houser (Douglas) works for Thousand Springs Ranch. It takes him thirty to forty-five minutes to get to work (and to return home), leaving in the morning at 6:15 to 6:30 to arrive at 7:00. He works until 5:30 in the evening when working four tén-hour days per week and 3:30 when working five eight-hour days per week. The address of Thousand Springs Ranch is on the letter in the record from the manager setting forth the time Douglas lost from work. Douglas’s address in Weiser is known from testimony at trial and a host of documents in the presentence reports. And, of course, the district court was aware of the address of the courthouse also in Weiser. Douglas testified that from his home to work is twenty-three miles.[2] Douglas’s testimony reveals that driving back and forth to work and hearings, together with fuel costs, was a part of the reason he took full days off. The prosecutor argued:
And so, you know, it just doesn’t make a whole lot of sense when he is driving 23 miles to work, he is getting there early in the morning, he has to come back for what, a 9:00 o’clock hearing? It doesn’t make any sense.
So then he has got the 9:00 o’clock hearing and is going out after that, and so his employer just said not to come that day.
The district court stated, in part, that “given the distance to his job and the circumstances, I think it’s reasonable to take the entire day off.” (Emphasis added.) Thus, the district court appropriately considered the distance of travel and there is substantial evidence supporting that determination in the record.
Second, Douglas testified that he is a ranch hand. Though he did not elaborate on the duties of a ranch hand, I am sure the district court was generally aware of the duties of a ranch hand who is paid $10.40 per hour. While the majority discusses certain situations in which the need for a temporary absence from employment may or may not justify a full day off, there is no discussion about Douglas’s employment situation. The district court was free to draw any number of inferences about Douglas’s ability or inability to productively work partial days versus taking full days off. We know that ranch hands’ duties are many and widely varied from day to day. The ranch hand may be fixing fence one day, irrigating on another, herding and branding/vaeeinating cattle on a third, and clearing brush to conclude the week. These jobs do not lend themselves to working for a while, cleaning up, getting to town for a hearing and then returning. The ranch hand does not simply walk into the office pick up a file and become immediately productive. Aside from preliminary work necessary to secure the tools for the job of the day, the ranch hand must often travel by truck, ATV, or horse to some remote or distant place on the ranch to complete his tasks. The district court was entitled to consider the nature of Douglas’s work as one of the “circumstances” rendering it reasonable to take the entire day off.
Third, I disagree that the evidence does not support the district court’s conclusion that uncertainty as to when hearings would begin as well as end also contributed to the reasonableness of taking full days off. The majority states that the “uncertainty factor justifies presence at the courthouse only before a proceeding begins, not after it ends.” On the other hand, the district court stated that “given the uncertainty of how long a proceeding might take, I think it’s reasonable that he take the day off.” I agree that Douglas had to be at the courthouse before the time set for the hearing. But, on any given day, he had no idea when the hearing in that particular case — as opposed to others that may be on the docket — would be called and no idea how long the hearing, once started, would take. Consequently, he and his employer had limited ability to plan when or whether he could bustle back to work and, given the travel distance and the nature of *531 his work, what he could productively accomplish upon return.
Fourth, Douglas is a $10.40 per-hour-employee who one can reasonably infer did not lightly, and without consideration of the circumstances, walk away from a day’s wages each time there was a hearing if a reasonable alternative were available. At the time, he could not know if he would ever be able to recoup any or all of the lost wages. More importantly, his employer thought it reasonable that he take the day off. Aside from the reference to fuel costs, one can also infer that the employer, in consideration of the “circumstances,” i.e., travel time and nature of work, reasonably determined that taking the full day off made sense.[3] It is a reasoned decision for employee and employer to simply take the full day off rather than travel to work, try to get started with work, make a run back to town for a hearing of unknown length, travel back to work, and try to accomplish something. Those cases described by the majority where an employee can leave temporarily and return are not this case. Here, the employer was very likely unwilling to pay Douglas to engage in the duties of the day, disengage, engage, and disengage again. I would also note, that the letter from the employer in the record states: “This is a computation of the number of hours Douglas Houser lost from work due to the confrontation with Don Houser.” (Emphasis added.)
Consequently, I respectfully dissent and would affirm the district court.

. Restitution hearings are often relatively cursory and limited in factual development. In fact, restitution claims and hearings are generally limited in large part upon prudential concerns regarding the effective administration of justice. Extended proceedings over restitution issues would overburden the criminal court process. Thus, the trial court is afforded the opportunity to consider hearsay as well as our deference, absent abuse of discretion. See State v. Straub, 153 Idaho 882, 292 P.3d 273 (2013); State v. Waidelich, 140 Idaho 622, 97 P.3d 489 (Ct.App.2004). That is not to say, however, that some care should not be taken to demonstrate support for the award of restitution in the record.

. The majority states that the relevant distance is between Douglas's workplace and the courthouse and that no evidence of that distance was presented. The district court, who sits in the relatively small town of Weiser, was fully aware of the addresses and distances. From Douglas living in Weiser and the courthouse being in Weiser, one can readily surmise that the distance to his work was at or near the 23 miles to which he testified.

. I do not see the value in characterizing the employer’s actions as having "allowed” Douglas to take the time off or “not allowing him to miss [or work] partial days.”