*28 Chief Judge GUTIERREZ,
concurs in part and dissents in part.
Shepherd Reale pleaded guilty to sexual abuse of a child under the age of sixteen years. Following a restitution hearing, the district court awarded restitution in favor of the victim’s mother that compensated the mother for time she took off work to rest before the victim’s CARES[1] interview and examination and before various court hearings. Based on the evidence presented at the restitution hearing, I conclude that the time the mother took off work to rest was not an economic loss under the restitution statute. Therefore, I respectfully dissent from part 11(B) of the majority opinion.[2]
Relevant to this appeal, the mother of the victim explained at the restitution hearing that she was seeking restitution for time that she took off work to rest before taking the victim to a CARES interview and examination and before attending various court hearings, each of which occurred outside of the mother’s normal working hours. The mother is a nurse who works three twelve-hour shifts per week. At the restitution hearing, she provided a list of events for which she took time off, based on her records, that she was seeking restitution for; this exhibit was admitted into evidence. I have summarized the exhibit and the mother’s testimony in the following table of the time the mother took off work to rest:
Item Date, Time, and Purpose of the Event Hours Off Work
1 August 1, 2013 — 8:30 a.m. — CARES interview 8 (11:00 p.m.-7:00 a.m.)
2 August 5, 2013 — (unknown)—CARES examination 4 (3:00 a.m.-7:00 a.m.)
3 August 12, 2013 — 3:00 p.m. — preliminary hearing ’ 4 (3:00 a.m.-7:00 a.m.)
4 August 29, 2013 — 11:00 a.m. — preliminary hearing 4 (3:00 a.m.-7:00 a.m.)
5 September 30,2013 — 9:00 a.m. — arraignment 12 (7:00 p.m.-7:00 a.m.)
6 October 2, 2013 — 9:00 a.m. — hearing 12 (7:00 p.m.-7:00 a.m.)
7 November 4, 2013 — 9:00 a.m. — bond reduction hearing 12 (7:00 p.m.-7:00 a.m.)
8 December 9, 2013 — (unknown)—pretrial conference * 12 (7:00 p.m.-7:00 a.m.)
9 December 13, 2013 — 9:00 a.m. — pretrial conference 12 (7:00 p.m.-7:00 a.m.)
10 February 10, 2014 — 9:00 a.m. — sentencing * 8 (11:00 p.m.-7:00 a.m.)
11 February 11, 2014 — 1:00 p.m. — sentencing 4 (7:00 p.m.-ll:00 p.m.)
Total 92 hours
Note: an asterisk represents a hearing that was cancelled or hearing rescheduled on the day of the
Following the restitution hearing, the district court entered a judgment and order awarding the mother restitution for the value of each of the ninety-two hours she claimed.
In this case, Reale contends that the restitution statute “does not contemplate awarding victims lost wages for taking time off work to be rested or prepared before attending court proceedings.” As an alternative, Reale asserts that the mother’s “choice to spend time resting instead of going to work was an intervening, superseding cause that severed the causal link.” As another alternative, Reale argues that even if compensation for time off while resting is an economic loss proximately caused by Reale’s criminal conduct, the ultimate award is not based on substantial evidence. The State counters that the time off work to rest was proximately caused by Reale’s criminal conduct and that the restitution award is supported by substantial evidence. The State, however, does not explicitly address Reale’s first contention, which is that time off work to rest is *29 not compensable under the restitution statute.
The restitution statute provides restitution for economic loss, I.C. § 19-5304(2), and economic loss is defined by the statute:
“Economic loss” includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death or emotional distress.
I.C. § 19-5304(l)(a). We have previously explained that economic loss “includes necessary expenses or losses that the victim incurred in order to address the consequences of the criminal conduct.” State v. Parker, 143 Idaho 165, 167, 139 P.3d 767, 769 (Ct.App.2006) (emphasis added).
The issue of whether time taken off work to rest is an “economic loss” involves the interpretation of the restitution statute, I.C. § 19-5304. This raises a question of law over which this Court exercises free review. State v. McKeeth, 136 Idaho 619, 628, 38 P.3d 1275, 1284 (Ct.App.2001) (“On appeal, McKeeth contends that the award of ‘potential economic losses’ to the Crime Victims Compensation Fund is not permitted under the restitution statute. The argument raised by McKeeth requires that we interpret the language of I.C. § 19-5304.”); see also State v. Straub, 153 Idaho 882, 889, 292 P.3d 273, 280 (2013) (holding that “actual out-of-pocket medical expenses and lost wages up to the date of sentencing may be included in a restitution order”); Parker, 143 Idaho at 168, 139 P.3d at 770 (concluding that attorney fees related to a victim’s civil action were not an economic loss).
As a matter of law, this Court has consistently held that the victim’s time spent appearing and testifying at a restitution hearing, when the victim would otherwise be working, is an economic loss because it is analogous to lost wages. E.g., State v. Olpin, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct.App.2004); State v. Russell, 126 Idaho 38, 39, 878 P.2d 212, 213 (Ct.App.1994) (per curiam). The analogy holds because the time taken off to testify is a necessary loss the victim incurred in order to address the consequences of the criminal conduct. See Parker, 143 Idaho at 167, 139 P.3d at 769.
This appeal, however, does not deal with time spent by the victim testifying; rather, it involves time spent resting before an event or hearing, when the victim would otherwise be working, even though the hearing or other event would occur during nonworking hours. In order to be an economic loss, the time used by the victim to rest, when the victim would otherwise be working, must be necessary for the victim to address the consequences of the criminal conduct. For the rest time to be necessary for the victim to address the consequences of the criminal conduct, I conclude that the victim’s active participation must be required at the hearing or event. Therefore, an economic loss occurs when the victim takes time off work to rest in order to participate in hearings or other events that require the victim’s active participation.
The prosecutor, here, did not present evidence of the fact that the mother actively participated in (e.g., testified in) any of the events or hearings. Accordingly, the time the mother took off work to rest before the court hearings was not an economic loss to the mother, as defined by the restitution statute.
In summary, I conclude that an economic loss occurs when the victim takes time off work to rest in order to participate in hearings or other events that require the victim’s active participation. Because the evidence presented did not reveal that the mother’s active participation in any of the hearings or events was necessary to address the consequences of Reale’s criminal conduct, I would hold that the mother did not suffer an economic loss, as defined by the restitution statute, and was not entitled to restitution. Accordingly, I respectfully dissent.

. Children at Risk Evaluation Services (CARES) is a clinic where children suspected of being abused are physically examined and interviewed. State v. Gain, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct.App.2004).

. I concur in part 11(B) of the majority opinion addressing Reale’s contention that his sentence was excessive.