749 P.2d 4

**Don WILSON and Virginia Wilson, husband and wife, Plaintiffs–Respondents,**

v.

**Blake L. BIVINS, Sr., a single person, Defendant–Appellant.**

**and**

**Floyd Kreps, a single person, Defendant.**

**No. 16872.**

Court of Appeals of Idaho.

Jan. 27, 1988.

David Lee Posey, Payette, for defendant-appellant.

William F. Gigray III (Gigray, Miller, Downen & Paisley), Caldwell, for plaintiffs-respondents.

PER CURIAM.

This appeal presents a question of appellate jurisdiction. It comes to us from a default judgment entered upon a complaint filed by Don and Virginia Wilson, owners of rural land in Payette County. The Wilsons alleged that two neighboring landowners, Blake L. Bivins, Sr., and Floyd Kreps, were obstructing or failing to maintain an irrigation ditch, thereby causing water to flood the Wilsons' property. The Wilsons sought a determination of responsibility for maintaining the ditch, an injunction against obstructing the ditch, and damages for the flooding which had occurred. Defendant Bivins failed to answer the complaint. The district court entered a default judgment against him, granting declarato-

ry and injunctive relief but making no damage award. Bivins appealed, arguing that the Wilsons were not entitled as a matter of law to any of the relief sought and that the form of the judgment was improper. For reasons explained below, we dismiss the appeal.

■ We deem it clear that the default judgment did not resolve all claims asserted by the Wilsons in this action. It resolved none of the claims against defendant Kreps and it contained no definitive ruling on either defendant's liability for damages. It was a "judgment upon one or more but less than all of the claims or parties" within the meaning of Rule 54(b), I.R.C.P. Such a judgment is not appealable under Rule 11, I.A.R., unless it is certified by the trial court to be final as provided in Rule 54(b). The judgment before us has not been so certified. Moreover, it appears from the record, and it has been confirmed by counsel during oral argument, that claims not resolved by the judgment are still pending in the district court. Accordingly, we conclude that our Court lacks jurisdiction in the present appeal.

■ Occasionally, in cases like this one, we will refrain from dismissing a defective appeal until the parties have been given an opportunity to cure the defect—e.g., by obtaining a Rule 54(b) certificate. However, in this case, the parties are in disagreement concerning the appropriateness of certifying the default judgment. The damage claim not addressed by the judgment involves factual and legal issues in common with the claims for declaratory and injunctive relief. Moreover, any distinctness of the declaratory and injunctive relief as to defendant Bivins has been further obscured by an amended complaint filed by the Wilsons after they obtained the default judgment. In that amended complaint, prepared by an attorney other than the Wilsons' counsel on appeal, the damage claim has been restated with greater particularity and the claims for declaratory and injunctive relief have been reasserted as well. Bivins has answered this amended complaint. In doing so, he has set forth as affirmative defenses many of the arguments which he sought to raise for the first time in this appeal. Thus, the Wilsons' claims are not only interrelated in substance, they also have become confused in procedure. Consequently, we cannot assume that the district court would acquiesce in a request to certify the existing judgment under Rule 54(b).

We conclude that the best course at this time is simply to note the lack of appellate jurisdiction, returning the case to the district court. The appeal is dismissed. No costs or attorney fees are awarded.