**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38380**

| | |
|---|---|
| JOHN N. BACH, | ) 2012 Opinion No. 2 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 6, 2012 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| WAYNE DAWSON, | ) |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| KATHERINE D. MILLER, aka | ) |
| KATHERINE M. MILLER, individually & | ) |
| dba R.E.M. and CACHE RANCH; ALVA A. | ) |
| HARRIS, individually & dba SCONA, INC., | ) |
| a sham entity; JACK LEE MC LEAN; BOB | ) |
| FITZGERALD, individually & dba CACHE | ) |
| RANCH; OLY OLESON; BOB BAGLEY & | ) |
| MAE BAGLEY, husband and wife; BLAKE | ) |
| LYLE, individually & dba GRANDE | ) |
| TOWING, and also GRANDE BODY & | ) |
| PAINT; GALEN WOELK & CODY | ) |
| RUNYAN, individually and dba RUNYAN & | ) |
| WOELK; ANN-TOY BROUGHTON; | ) |
| MARK LIPONIS; EARL HAMLIN; STAN | ) |
| NICKELL; BRET & DEENA R. HILL; | ) |
| DOES 1 through 30, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Darren B. Simpson, District Judge.

Renewal of judgment, affirmed.

Jared M. Harris of Baker & Harris, Blackfoot, for appellant.

John N. Bach, Driggs, pro se respondent.

1

GUTIERREZ, Judge

Wayne Dawson appeals from the district court's renewal of judgment, arguing that the motion to renew judgment was outside of the five-year period allowed under Idaho law. For the reasons set forth below, we affirm.

## I.
## FACTS AND PROCEDURE

Beginning in 2002, John N. Bach, as sole plaintiff, was involved in a multi-party lawsuit against several defendants, including Dawson. On February 23, 2004, the district court entered an amended default judgment in favor of Bach and against Dawson. The district court did not certify the partial judgment under Idaho Rule of Civil Procedure 54(b) as a final and appealable order. It was only after other defaults and final dispositions had been made as to all the parties in the lawsuit that the district court issued a final judgment, which incorporated the default judgment entered against Dawson. This occurred on February 11, 2005.

On February 2, 2010, Bach filed a motion to renew the judgment entered on February 11, 2005, pursuant to Idaho Code sections 10-1110 and 10-1111. Dawson objected to the motion and asked the district court to find that the motion to renew was untimely. Dawson argued that because the default judgment against him was entered on February 23, 2004, Bach's motion in 2010 occurred nearly six years later and well outside the five-year period available to renew judgment under the statutes. The district court granted the motion, concluding that the controlling judgment was the final judgment entered in 2005, not the interlocutory default judgment entered in 2004. Dawson moved for reconsideration, which the district court denied. Dawson timely appeals and asks this Court to hold that the default judgment entered in 2004 was the controlling judgment for purposes of renewal under sections 10-1110 and 10-1111.

## II.
## DISCUSSION

### A.    Standard of Review

This case involves whether the district court applied the correct legal standards in regards to the application of a statute. The interpretation of a statute and its application to particular facts is a question over which this Court exercises free review. *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009). We must ascertain and give effect to the intent of the legislature, reading the statute as a whole. *Id.* Where the statutory

language is clear, the plain meaning of a statute will prevail.  *Gonzalez v. Thacker*, 148 Idaho 879, 881, 231 P.3d 524, 526 (2009).  If the statute is ambiguous, we construe it according to the legislative intent, determined by looking not only at the literal words of the statute, but also the reasonableness of the proposed interpretations, the public policy behind the statute, and its legislative history.  *Carrier v. Lake Pend Oreille Sch. Dist. No. 84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006).

**B.     "Judgment" for purposes of renewal under Idaho Code sections 10-1110 and 10-1111**

Idaho Code section 10-1110 provides that when a judgment is recorded with the county recorder, from the time of that recording the judgment becomes a lien upon all real property of the judgment debtor in that county.  The "lien resulting from recording of a judgment . . . continues five (5) years from the *date of the judgment . . . .*"  I.C. § 10-1110 (emphasis added).  Idaho Code section 10-1111(1) allows a court to renew, upon a motion, an unsatisfied judgment at any time prior to the expiration of the judgment lien created by section 10-1110.  It further provides:  "The renewed judgment may be recorded in the same manner as the original judgment, and the lien established thereby shall continue for five (5) years from the date of judgment."  I.C. § 10-1111(1).  In short, a civil judgment--whether or not a lien is actually recorded--will last for five years, at which time it expires, unless a party, before that expiration, makes a motion to renew and such motion is granted by the court.  *See Smith v. Smith*, 131 Idaho 800, 802, 964 P.2d 667, 669 (Ct. App. 1998) (section 10-1111 provides for renewal of judgments, not just judgment liens).

Dawson argues that the "judgment" was the default judgment entered on February 23, 2004, and that it expired prior to Bach's motion to renew.  Bach argues to the contrary:  he asserts the "date of judgment" was February 11, 2005, when the district court entered the final judgment in the multi-party dispute.

The term "judgment" is not defined in the statutes at issue, so we look to the definitions of the term found in both Idaho Rule of Civil Procedure 54(a) and Idaho case law.  Rule 54(a) defines a judgment as a separate document without conclusions of fact or law, but merely stating the relief to which a party is entitled.  It is a final judgment, according to that rule, if it is either (1) entered as to all claims in the case or (2) if it is certified as final under Idaho Rule of Civil Procedure 54(b) as to some parties in a case, but not all of them.  Similarly, our case law states

that a "judgment" is a final determination of the rights of the parties in an action or proceeding. *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002); *see also Watson v. Watson*, 144 Idaho 214, 217, 159 P.3d 851, 854 (2007) (A final judgment is an "order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the parties' rights.").

As a judgment must function by its character as a final determination of the parties' rights in a lawsuit, whether a document is a court order or a "judgment" has long been held to be determined not by the document's title, but by its contents. *Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 620, 226 P.3d 1263, 1267 (2010); *Watson*, 144 Idaho at 217, 159 P.3d at 854; *Camp*, 137 Idaho at 867, 55 P.3d at 321. For example, in *Watson*, the trial court, within the course of a single case, entered a 2003 "judgment," which quieted title of property to the parties as tenants in common, and a 2005 "judgment," which entered an amount of damages in favor of the defendant on a consolidated claim and resolved the entire dispute. *Watson*, 144 Idaho at 217, 159 P.3d at 854. The defendant/respondent on appeal made a jurisdictional argument that the 2003 judgment was not timely appealed. The Idaho Supreme Court concluded that by its content, rather than title, the 2003 judgment did not finalize the rights and obligations of the parties and was best characterized as an interlocutory judgment, requiring certification pursuant to Rule 54(b) in order to be appealable and start the clock for time to appeal. *Watson*, 144 Idaho at 217, 159 P.3d at 854. As the 2003 judgment was not certified, the 2005 judgment, which was in fact a final determination of the case, was timely appealed and the 2003 judgment was deemed included within that appeal. *Id.* at 218, 159 P.3d at 855. For comparison, in *Wilson v. Bivins*, 113 Idaho 865, 866, 749 P.2d 4, 5 (Ct. App. 1988), this Court held a default judgment, entered as to one but not all of the defendants in a case, was not a final, appealable judgment. Rather, we concluded the partial default judgment fell within the ambit of Rule 54(b) and unless it was certified by the trial court to be final as provided by that rule, it was not appealable under Idaho Appellate Rule 11. *Wilson,* 113 Idaho at 866, 749 P.2d at 5.

Accordingly, we conclude that default judgments, which only partially adjudicate the controversy in a multi-party case, are not "judgments" for purposes of considering the time for renewal under sections 10-1110 and 10-1111 because, by their nature, they are not final determinations of the rights and obligation of all parties in the dispute. Though the cases noted above speak in the context of an appeal, we find the practice of looking at whether an order is a

4

*final judgment* for appeal purposes also serves the purpose of determining whether a judgment is subject to renewal under sections 10-1110 and 10-1111. As these sections are akin to a statute of limitations of an enforceable judgment, what constitutes a "judgment" should be based on a final, appealable (and hence, enforceable) order in the case. That policy is aptly demonstrated by a multi-party case such as this, where entries of default and amended default "judgments" have occurred over the span of a few years, and confusion about when a particular party's judgment was entered could easily emerge. In the situation with multiple parties or claims, a "judgment" on a default as to one party may occur by way of a Rule 54(b) certification, but where that does not happen, a "judgment" for purposes of renewal is that order of the court which resolves the issues in a case and ends the lawsuit. Any interlocutory judgments, as stated in *Watson*, are thereby incorporated.

Accordingly, it is clear that Bach's motion to renew was timely because it was filed within five years after the entry of the final judgment on February 11, 2005. Although the amended default judgment entered on February 23, 2004, resolved all disputes between Bach and Dawson, and awarded damages to Bach, it did not include a certificate of final judgment under Rule 54(b) and did not resolve all claims in the case. Instead, all claims as to all parties were addressed and finalized in the final judgment entered on February 11, 2005. Notwithstanding the title of the defaults entered as "judgments" throughout the case proceedings, it is apparent by the contents of the final judgment that it was the final determination of the rights and obligations of the parties in the case and, therefore, is the judgment subject to renewal.

## III.

## CONCLUSION

We conclude the district court applied the correct legal standards in regards to Idaho Code sections 10-1110 and 10-1111 when granting Bach's motion to renew the judgment and in denying the motion to reconsider. Therefore, the renewal of judgment is affirmed.

Chief Judge GRATTON and Judge LANSING **CONCUR.**