# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44701

| | | |
|---|---|---|
| KENNETH M. WORKMAN, | ) | 2017 Opinion No. 42 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: August 31, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| CHRISTOPHER RICH, Clerk of the | ) | |
| Fourth Judicial District; IDAHO | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendants-Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNKNOWN AND UNNAMED | ) | |
| INDIVIDUAL OF THE STATE OF | ) | |
| IDAHO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. George G. Hicks, Magistrate.

Order of the district court affirming magistrate decision to grant motion to dismiss; order of the district court affirming magistrate grant of summary judgment, affirmed.

Kenneth M. Workman, Boise, pro se appellant.

Jan M. Bennetts, Ada County Prosecuting Attorney; Ray J. Chacko, Deputy Prosecuting Attorney, Boise, for respondent, Christopher Rich.

Hon. Lawrence G. Wasden, Attorney General; Kristina M. Schindele, Deputy Attorney General, Boise, for respondent, Idaho Department of Correction.

_____

1

GRATTON, Chief Judge

Kenneth M. Workman appeals from the district court's order affirming the magistrate's decision to grant Christopher Rich's (Rich) motion to dismiss and the Idaho Department of Correction's (IDOC) motion for summary judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Workman drove his vehicle off Interstate 84 and into two pickups parked on the side of the road. At the time of the crash, Workman was under the influence of heroin, methamphetamine, and THC. The owners of the pickups were standing between the vehicles at the time of the crash, and both owners suffered serious injuries. One person was thrown into the road and suffered major broken bones and a ruptured spleen. The other person was pinned between the vehicles, breaking one leg while the other leg was severed from his body. Workman was convicted of two counts of aggravated driving under the influence, Idaho Code § 18-8006, and being a persistent violator, I.C. § 19-2514, and was sentenced to two determinate life sentences. On April 28, 2003, the district court ordered Workman to pay $32,391.44 in restitution, with interest accruing annually. The district court's order also provided that "this Order shall constitute a Civil Judgment against the defendant, KENNETH M. WORKMAN."

The IDOC began deducting funds from Workman's inmate account on September 30, 2003. These funds were sent to Rich, the clerk of the district court in which Workman was convicted, for distribution to the victims. On December 30, 2015, Workman filed a pro se complaint,[1] in which he asserted that Rich and the IDOC improperly garnished money from his inmate account in order to pay the court-ordered restitution. Rich filed a motion to dismiss and the IDOC filed a motion for summary judgment.[2] The magistrate granted Rich's and the IDOC's

---

[1] Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

[2] The IDOC's motion was captioned as a motion to dismiss but was supported by materials outside the pleadings. "[B]ecause matters outside the pleadings were presented, the motion to dismiss was converted into a motion for summary judgment under I.R.C.P. 56(c)." *See Hauschulz v. Idaho Department of Correction*, 143 Idaho 462, 466, 147 P.3d 94, 98 (Ct. App. 2006).

motions. Workman appealed to the district court, and the district court affirmed the magistrate's decision. Workman timely appeals.

## II.

## ANALYSIS

Workman argues that the restitution order entered against him has "expired, [is] unenforceable, uncollectable, and no longer still owing" because it is a civil judgment that was not renewed within five years of its entry. Workman further argues that I.C. §§ 19-4708 and 19-5305(2) do not apply to his restitution order because the statutes were amended subsequent to his judgment being entered. For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

As an appellate court, we will affirm a trial court's grant of an Idaho Rule of Civil Procedure 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v.*

*Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## A.    Restitution Order

Workman asserts that criminal restitution orders are civil judgments subject to a collection process whereby Rich, as clerk of the district court, was required to record the restitution order as a civil judgment and continually renew it in order to collect on behalf of the victims. Because Rich did not do so, Workman argues, the judgment ordering Workman to pay restitution expired five years after the judgment was entered, on April 28, 2008.

Idaho's restitution statute directs a court to order a defendant, found guilty of any crime which results in an economic loss to the victim, to make restitution to the victim unless the court finds restitution would be inappropriate or undesirable. I.C. § 19-5304(2). The policy to fully compensate crime victims for their economic loss has long been recognized by the courts. *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014). Through I.C. § 19-5305, the determination of when or how a restitution order may be enforced after it is entered has been

4

specifically entrusted to the clerk of the district court or to the victim. *Weaver*, 158 Idaho at 172, 345 P.3d at 231. Idaho Code § 19-5305 provides:

> (1) After forty-two (42) days from the entry of the order of restitution or at the conclusion of a hearing to reconsider an order of restitution, whichever occurs later, an order of restitution may be recorded as a judgment and the victim may execute *as provided by law for civil judgments*.
> (2) The clerk of the district court may take action to collect on the order of restitution on behalf of the victim and, with the approval of the administrative district judge, may use the procedures set forth in section 19-4708,[3] Idaho Code, for the collection of the restitution.

(emphasis added).

Idaho Code § 20-209H was enacted to provide for the IDOC to mandate the withdrawal of inmate-owed restitution. The law went into effect on March 1, 2015. Workman contends this statute is not applicable to him because the order for restitution became unenforceable in April 2008. Workman relies on I.C. §§ 10-1110 and 10-1111 which state that to keep a judgment an active, collectable order, the parties must file a timely motion to renew judgment within five years from the date of the entry and thereafter every five years. Workman reasons that because the judgment against him has never been renewed, all funds deducted from his inmate account after April 2008 must be returned and all future attempts to deduct funds must cease and desist.

---

3     Idaho Code § 19-4708 states, in part:

> (1)    The supreme court, or the clerks of the district court with the approval of the administrative district judge, may enter into contracts in accordance with this section for collection services for debts owed to courts. The cost of collection shall be paid by the defendant as an administrative surcharge when the defendant fails to pay any amount ordered by the court and the court utilizes the services of a contracting agent pursuant to this section.
> (2)    As used in this section:
> . . . .
> (c) "Debts owed to courts" means any assessment of fines, court costs, surcharges, penalties, fees, restitution, moneys expended in providing counsel and other defense services to indigent defendants or other charges which a court judgment has ordered to be paid to the court in criminal cases, and which remain unpaid in whole or in part, and includes any interest or penalties on such unpaid amounts as provided for in the judgment or by law.

5

The magistrate court determined, and the district court agreed, that "the legislature provided two different avenues for crime victims to receive restitution from the perpetrators of the crime." First, I.C. § 19-5304(4) provides for a court order of restitution:

> If a separate written order of restitution is issued, an order of restitution shall be for an amount certain and shall be due and owing at the time of sentencing or at the date the amount of restitution is determined, whichever is later. An order of restitution may provide for interest from the date of the economic loss or injury.

Payment of restitution can be pursued by a civil judgment that can be executed on or result in a lien being placed on the perpetrator's real property pursuant to I.C. § 19-5305(1). Rich argues that Workman's interpretation fails to provide for these separate avenues for obtaining restitution: allowing victims to personally collect through the use of a civil judgment and allowing the clerk of the court to collect on the victim's behalf. Therefore, Rich asserts, Workman's claim fails to give effect to all parts of I.C. § 19-5305. Similarly, the IDOC argues that Workman fails to recognize the victims and the clerk of the court have different mechanisms governed by separate and distinct processes set forth in statutes through which collection efforts may be undertaken. We agree with the respondents and the district court.

As the district court noted, the language of I.C. § 19-5305 highlighted above would not be necessary if all restitution orders were civil judgments. Unlike the requirements imposed on creditors seeking to enforce civil judgments, neither I.C. §§ 19-4708 nor 19-5305(2) require the clerk of the court to take any steps to execute the restitution order entered as a result of a criminal conviction. Instead, any collection efforts by the clerk of the court are to be undertaken in the same manner or fashion as other "debts owed to courts" as provided in I.C. § 19-4708. *See* I.C. § 19-5305(2). This Court notes, as did the district court, that the restitution statute is silent concerning the expiration of an order of restitution, rather, stating it "shall be due and owing at the time of sentencing or at the date the amount of restitution is determined, whichever is later." I.C. § 19-5304(4). Therefore, Workman's contention that restitution orders must be collected under one civil judgment methodology is without merit.

Workman points to *State v. McCool*, 139 Idaho 804, 87 P.3d 291 (2004) in support of his contention that criminal restitution orders are civil judgments against a defendant. In *McCool*, the Idaho Supreme Court quoted I.C. § 19-5305(1) and noted that "the order of restitution provided in Idaho Code § 19-5304(2) becomes, in essence, a civil judgment for the amount of such restitution." *McCool*, 139 Idaho at 806, 87 P.3d at 293. The Court did not hold that a court

6

order of restitution is extinguished and loses enforceability when the order is also recorded as a judgment for purposes of constituting a civil judgment, or that an order of restitution is always and solely a civil judgment.[4] Workman's argument fails to make a distinction between criminal restitution orders, that do not expire, and civil judgments, which do expire.

Workman points to *Grazer v. Jones*, 154 Idaho 58, 294 P.3d 184 (2013); *Bach v. Dawson*, 152 Idaho 237, 268 P.3d 1189 (Ct. App. 2012); and *Smith v. Smith*, 131 Idaho 800, 964 P.2d 667 (Ct. App. 1998) in support of his contention that I.C. §§ 10-1110 and 10-1111 speak to the expiration of civil orders and money judgments. However, none of these cases involve restitution or restitution orders. Workman also asserts I.C. §§ 10-1110 and 10-1111 are applicable because garnishments from inmate accounts made under I.C. § 20-209H can only be made for restitution that "is still owing." As explained above, Workman's argument that all restitution orders are solely civil judgments is without merit. We agree with the magistrate and the district court that neither I.C. §§ 10-1110 nor 10-1111 are applicable to Workman's restitution order.

## B.    Applicability of Idaho Code §§ 19-4708 and 19-5305(2)

Workman further argues that I.C. §§ 19-4708 and 19-5305(2) do not apply to his restitution order because the statutes were amended subsequent to his judgment being entered. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Workman states that this issue was not raised before because I.C. §§ 19-4708 and 19-5305(2) were first mentioned in the motions to dismiss, not in his initial complaint. However, that does not explain why Workman did not make an argument of the statutes' inapplicability either to the magistrate in response to the motions to dismiss or to the district court on appeal. Accordingly, this Court will not further consider this issue.

---

[4]    The same is true of the holdings in the other cases cited by Workman, including: *State v. Straub*, 153 Idaho 882, 292 P.3d 273 (2013); *State v. Gomez*, 153 Idaho 253, 281 P.3d 90 (2012); *State v. Cottrell*, 152 Idaho 387, 271 P.3d 1243 (Ct. App. 2012); *State v. Mosqueda*, 150 Idaho 830, 252 P.3d 563 (Ct. App. 2010); *State v. Waidelich*, 140 Idaho 622, 97 P.3d 489 (Ct. App. 2004); *State v. Ferguson*, 138 Idaho 659, 67 P.3d 1271 (Ct. App. 2002).

## III.

## CONCLUSION

The magistrate's decision is supported by the applicable law. The district court's order affirming the magistrate's decision to grant Rich's motion to dismiss and the IDOC's motion for summary judgment is affirmed.

Judge GUTIERREZ and Judge Pro Tem WALTERS **CONCUR**.