**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48587**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 9, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JEREMY FLORES SANCHEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Order denying motion to quash restitution order, <u>affirmed</u>.

Waldron Law, PLLC; Maya P. Waldron, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jeremy Flores Sanchez appeals from an order denying his motion to quash a restitution order. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2003, a jury found Sanchez guilty of conspiracy to commit robbery, robbery, conspiracy to commit first degree kidnapping, first degree kidnapping, aggravated battery, and aiding and abetting attempted first degree murder. Sanchez was sentenced to an aggregate, fixed life sentence and the district court ordered Sanchez to pay $70,737 in restitution. The restitution order required "that such restitution be paid to the [district court] to be distributed by the [district court] to the victim."

1

In 2020, Sanchez moved to quash the restitution order, arguing that "the judgment is void" and "the State . . . lost subject matter jurisdiction to act on the judgment" because "the restitutional [sic] order or judgment was not renewed within" the time limits prescribed by I.C. §§ 10-1110 and 10-1111. Sanchez also sought an order compelling the return of "all money collected on the judgment" and precluding future collection efforts. The district court denied Sanchez's motion, concluding there was no legal basis to quash the restitution order, interfere with the garnishment of Sanchez's inmate account, nor compel the return of amounts already collected. Sanchez appeals.

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Mindful that I.C. §§ 10-1110 and 10-1111 govern "restitution orders recorded as civil judgments . . . and not restitution collected on behalf of a victim" by the Idaho Department of Correction or clerk of court, Sanchez contends the district court erred by denying his motion to quash because the Department "has no jurisdiction to garnish his inmate account pursuant to [I.C.] § 20-209H." The State responds that the denial of Sanchez's motion was not error because the restitution at issue was "collected . . . pursuant to I.C. § 19-5305(2)" and the Department was "clearly acting within its statutory authority" to garnish Sanchez's inmate account. We hold that the district court correctly denied Sanchez's motion to quash the restitution order pursuant to I.C. § 19-5305(2).

Idaho's restitution statute directs trial courts to order defendants, found guilty of any crime which results in an economic loss to a victim, to make restitution to the victim, unless the court finds restitution would be inappropriate or undesirable. I.C. § 19-5304(2). Idaho Code Section 20-209H requires the Idaho Board of Correction to "establish an account in the name of each inmate confined in a correctional facility" and deposit "all moneys earned from institutional employment" or "received by the inmate from any other source, other than money that is contraband" into the account. The Board must garnish 20 percent of each deposit made into

2

the account of an inmate with "restitution still owing." *Id.* The garnished funds are then forwarded "to the clerk of the court in which the restitution order was entered for payment to the victim." *Id.*

Under I.C. § 19-5305(2), the clerk of the district court in which the restitution order was entered may "collect on the order of restitution on behalf of the victim." The clerk of court need not record a restitution order as a judgment to take action to satisfy the order. Rather, any collection efforts by a clerk of the court are to be undertaken in the same manner as other "debts owed to courts" as provided in I.C. § 19-4708. I.C. § 19-5305(2); *Workman v. Rich*, 162 Idaho 711, 715, 403 P.3d 1200, 1204 (Ct. App. 2017). This Court has held that, unlike civil judgments, neither I.C. §§ 10-1110 nor 10-1111 apply to restitution orders and such orders do not expire. *Workman*, 162 Idaho at 715, 403 P.3d at 1204.

As Sanchez acknowledges, the statutes governing the renewal of civil judgments (*i.e.* I.C. §§ 10-1110 and 10-1111) do not apply to restitution orders. *See Workman*, 162 Idaho at 715, 403 P.3d at 1204. Additionally, as previously stated, restitution orders do not expire, and clerks of court need not record a restitution order as a judgment to collect restitution on a victim's behalf. *Id.* Thus, Sanchez's claim that his restitution order is unenforceable because it was not recorded as a judgment and renewed according to I.C. §§ 10-1110 and 10-1111 is meritless. Accordingly, Sanchez has failed to show the district court erred in denying his motion to quash the restitution order.

## IV.
## CONCLUSION

Sanchez has failed to show that the district court erred in denying his motion to quash the restitution order. Accordingly, the order denying Sanchez's motion to quash is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

3