## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 48536

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Boise, December 2021 Term |
| | ) | |
| v. | ) | Opinion Filed: March 16, 2022 |
| | ) | |
| MALINDA ROSE POE, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. D. Duff McKee, Senior District Judge. Shane Darrington, Magistrate Judge.

The decision of the district court is <u>affirmed</u>.

Lawrence G. Wasden, Idaho Attorney General, Boise, for appellant State of Idaho. Dayton Reed argued.

Malinda Rose Poe, respondent *pro se*.

———————————

STEGNER, Justice.

The Idaho Industrial Commission appeals the dismissal of motion to renew a restitution order in a criminal case. The Owyhee County Prosecuting Attorney obtained an order of restitution against Malinda Poe in 2005, which required Poe to pay $2,346 to the Industrial Commission's Crime Victims Compensation Program.[1] In 2010, the Industrial Commission sought an order renewing the order of restitution, which was granted by the magistrate court. Five years later, the Industrial Commission sought another order renewing the order of restitution, which was also granted at that time by the magistrate court.

In 2020, the Industrial Commission sought a third order renewing the order of restitution. This time, however, the magistrate court denied the request, finding that the Industrial Commission lacked standing to seek a renewal of the restitution order. The Industrial Commission appealed to

[1] The original caption to this case was "State of Idaho v. Malinda Rose Poe." In 2005, the caption was incorrectly changed to include the Industrial Commission's Crime Victims Compensation Program as a plaintiff. The caption read as follows: "State of Idaho, *ex rel.* Industrial Commission, Crime Victims Compensation Program v. Malinda Rose Poe." Because this was an inappropriate change given that this was a criminal case, we have corrected the caption on appeal. I.A.R. 6 ("The Supreme Court may amend a title of an appeal or proceeding before it at any time.").

1

the district court, which, sitting in its intermediate appellate capacity, also concluded the Commission lacked standing, and further concluded that the order of restitution was not subject to renewal pursuant to Idaho Code section 10-1110. The Industrial Commission timely appealed to this Court. For the reasons discussed below, we affirm the decision of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2003, Malinda Poe was charged with committing a battery against Michelle Aguilera in violation of Idaho Code section 18-903.[2] Poe pleaded not guilty and was released on her own recognizance prior to trial. A no contact order was entered the same day, forbidding Poe from having direct or indirect contact with Aguilera. Poe was appointed a public defender, and on October 20, 2003, she pleaded guilty to an amended charge of disturbing the peace in violation of Idaho Code section 18-6409.

The Owyhee County Prosecuting Attorney sought an "Order of Restitution" against Poe. On November 24, 2003, Magistrate Judge Thomas Ryan granted an Order of Restitution against Poe, ordering her to pay $3,035 in restitution to Aguilera. Poe did not pay the amount required by the Order of Restitution and, by April 29, 2005, the Idaho Industrial Commission's Crime Victims Compensation Program ("Industrial Commission" or "Commission") had paid $2,346 on behalf of Poe to Aguilera. The Industrial Commission requested that the Owyhee County Prosecuting Attorney seek to amend the Order of Restitution so that the Commission was also listed as a victim entitled to restitution, and an "Amended Order of Restitution" to that effect was entered against Poe on July 27, 2005. The Amended Order required Poe to pay $2,346 in restitution to the Industrial Commission and $35 to Aguilera, for a total of $2,381.[3]

Poe did not pay the amount required by the Amended Order of Restitution and the Industrial Commission sought an "Order Renewing Restitution Order and Judgment" (the First Renewal Order). On July 7, 2010, Magistrate Judge Dan C. Grober granted the order, which read:

> WHEREAS, on July 27, 2005, Plaintiff received a restitution order in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Owyhee, against Malinda Poe, in the amount of $2,346.00; and

---

[2] The defendant's first name is spelled both as "Malinda" and "Melinda" in the record. Additionally, the victim's name is spelled both as "Helen Michelle Aguilara" and "Michelle Aguilera." We will conform to the spelling of the names as found in the original 2003 Order of Restitution: "Malinda Poe" and "Michelle Aguilera."

[3] It is unclear from the record why the amount of total restitution was decreased by more than six hundred dollars.

WHEREAS, a lien as expressed in Idaho Code § 10-1110 was properly perfected by recording of the Restitution Order and Judgment in the County of Owyhee, State of Idaho, on August 6, 2009, under instrument number 268908; and

WHEREAS, the restitution order in this matter has not been totally satisfied, as shown by Plaintiff's Motion; and

WHEREAS, Plaintiff has properly moved for renewal of restitution order pursuant to Idaho Code § 10-1111;

NOW, THEREFORE, IT IS HEREBY ORDERED that the restitution order in this case be renewed and the lien established by Idaho Code § 10-1110 shall continue for five (5) years from the date of this Order.

Five years later, on July 14, 2015, Magistrate Judge Grober entered a second Order Renewing Restitution Order and Judgment (the Second Renewal Order) in favor of the Industrial Commission, which again provided "the lien established by Idaho Code § 10-1110 shall continue for five (5) years from the date of this Order."

On July 2, 2020, approximately five years after the Second Renewal Order, the Industrial Commission filed a motion to renew the restitution order for a third time. Attached to the motion was "a proposed third Order Renewing Restitution Order and Judgment" (the Proposed Third Renewal Order), which, if granted, would have renewed the restitution order against Poe for the remaining balance of $1,225. On July 7, 2020, the Industrial Commission received notice that Magistrate Judge Shane Darrington, who was now presiding over the matter, denied the motion for the Proposed Third Renewal Order. Citing *State of Idaho v. Johnson*, 167 Idaho 454, 470 P.3d 1263 (Ct. App. 2020), the magistrate court found that the "Industrial Commission ha[d] no standing to bring this motion[.]"

On July 9, 2020, the Industrial Commission requested that the magistrate court reconsider its decision to deny the Commission's motion seeking the Proposed Third Renewal Order. In response, the magistrate court's clerk notified the Commission that "if you would like to set it for hearing, with notice to all parties, you may do so." The Industrial Commission then filed a notice of hearing and specifically requested that the magistrate court review the Idaho Court of Appeals decision in *Workman v. Rich*, 162 Idaho 711, 403 P.3d 1200 (2017), prior to the hearing.

On July 20, 2020, the hearing was held in magistrate court. Present at the hearing were Blair Jaynes, the Lead Deputy Attorney General for the Idaho Industrial Commission, and Sam Dickinson, a deputy Owyhee County Prosecuting Attorney who appeared for the State. Neither Poe nor a lawyer representing her attended the hearing. The magistrate court "noted that the State

3

did not receive notice of this hearing" and asked Dickinson if he "was ready to proceed." Dickinson explained he "was not prepared to go forward" because "his office did not know what this [hearing] was about." The magistrate court ended the hearing and "continued the matter until such time as the State is made of [sic] aware of the hearing."

Instead of pursuing the hearing in magistrate court, the Industrial Commission appealed to the district court. On December 1, 2020, the district court issued its Memorandum Decision and Order Dismissing Appeal. The district court concluded that the "Industrial Commission has no standing to intervene in a criminal case." The district court further concluded that a "[r]estitution order is not a judgment, and is not subject to renewal under" Idaho Code section 10-1110. The district court then summarily dismissed the appeal. The Industrial Commission timely appealed to this Court.

On March 23, 2021, after the Commission filed its notice of appeal to this Court but before it had filed its opening brief, the Owyhee County Prosecuting Attorney filed a motion in magistrate court to renew the 2005 amended restitution order. Contemporaneously filed with the motion was a notice of hearing, in which the prosecutor requested a hearing be held on May 10, 2021, in order to resume the hearing that had been continued on July 20, 2020. On March 25, 2021, without a hearing, the magistrate court entered an "Order Renewing Restitution Order and Judgment" for the third time (the Third Renewal Order), with the Industrial Commission erroneously listed as the plaintiff. On May 11, 2021, several weeks after the Commission's opening brief was filed before this Court, the magistrate court entered another "Order Renewing Restitution Order and Judgment" *nunc pro tunc* (the *Nunc Pro Tunc* Renewal Order), which was to be back-dated to July 2, 2020, the date the Commission originally filed its motion to renew the amended restitution order for the third time.

## II.     STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

4

*Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). Thus, this Court does not review the decision of the magistrate court. *Id.* "Rather, we are 'procedurally bound to affirm or reverse the decisions of the district court.'" *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415 n. 1, 224 P.3d 480, 482 n. 1 (2009)).

*Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013).

"Jurisdictional issues, like standing, are questions of law, over which this Court exercises free review." *Tucker v. State*, 162 Idaho 11, 17, 394 P.3d 54, 60 (2017) (quoting *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012)).

## III.   ANALYSIS

### A.  We first consider whether this appeal is moot.

On appeal, the Commission argues neither the Third Renewal Order nor the *Nunc Pro Tunc* Renewal Order render this appeal moot. We agree. "'An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded' by judicial relief." *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010) (quoting *Koch v. Canyon Cnty.*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008)). An issue does not present a real and substantial controversy if "any judicial relief from this Court would simply create precedent for future cases and would have no effect on either party." *Id.* However,

> [e]ven where a question is moot, there are three exceptions to the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest."

*Id.* (quoting *Koch*, 145 Idaho at 163, 177 P.3d at 377).

Here, the prosecutor's first involvement in the case was at the hearing on July 20, 2020, more than five years after the Second Renewal Order was issued on July 14, 2015. The prosecutor did not file a motion to renew the restitution order until eight months later on March 23, 2021. We do not condone the magistrate court's decision to allow a party it deemed to have standing (but who did not file a motion to renew a judgment within the time allowed) to somehow benefit from another party's filing when the magistrate court concluded the party who made a timely filing did not have standing. We question whether the procedure followed in this case effectively tolled the timeline to seek a renewal order. In addition, the Industrial Commission argued that the prosecutor's motion was untimely. We have no reason to disagree with the Industrial

5

Commission's argument. Therefore, we conclude a real and substantial controversy exists in the case at bar. Accordingly, because the appeal is not moot, we will address its merits.

**B. The Industrial Commission does not have standing to bring a motion to renew an order of restitution.**

The district court concluded that victims do not have standing to renew restitution orders because the "Industrial Commission has no standing to intervene in a criminal case." While "[t]he victim is the beneficiary of [a restitution] order," the district court reasoned, "the order itself is entered as part of the criminal sentencing process[:]"

> If the order is to be amended, or process under the order is to be altered, the change, in effect, would be a change to the sentence as pronounced by the trial judge. Only the court has the jurisdiction to alter or amend the terms of a criminal sentence, which would include modifying or renewing an order of restitution.
>
> This means that even when recorded as a judgment, the parties to the order remain the state, as the entity prosecuting the crime, and the defendant. The victim is not a party, and clearly, the victim has no jurisdiction to seek to alter or amend the criminal sentence pronounced by the court.

The district court further explained that, in *Johnson*, 167 Idaho 454, 470 P.3d 1263, the Idaho Court of Appeals "held that restitution in a criminal case sought by a non-party is not a process provided by law."

On appeal, the Industrial Commission asserts it is not attempting "to intervene in a criminal case," it is only attempting to renew the restitution order originally obtained by the Owyhee County Prosecuting Attorney. The Commission argues that *Johnson* is inapplicable because it dealt with the entry of an order of restitution rather than a renewal of such an order. The Commission points to Article I, section 22(7) of the Idaho constitution and notes that "[a] crime victim in Idaho has a constitutional right '[t]o restitution, as provided by law, from the person committing the offense that caused the victim's loss.'" Additionally, the Commission asserts, when the Legislature amended Idaho Code section 10-1110 in 2015 to provide more time for crime victims to collect restitution, the Legislature did so with an understanding that victims would be able to renew judgments for orders of restitution.

We conclude that victims do not have standing in a criminal case to independently seek renewal of a judgment for an order of restitution. "Although the Idaho Constitution enumerates a series of rights for crime victims, including the right "to restitution, as provided by law, from the person committing the offense that caused the victim's loss," nowhere does it confer upon a crime victim the status of a party in a criminal proceeding." *Johnson*, 167 Idaho at 458, 470 P.3d at 1267

6

(quoting IDAHO CONST. art. I, § 22(7)). We recognize that *Johnson* focused on whether a victim has standing to *seek* restitution but said nothing about who may *renew* judgments of orders of restitution. However, we nonetheless find the Court of Appeals' decision in *Johnson* well-reasoned and instructive here.

In *Johnson*, the district court granted a victim's motion for restitution. 167 Idaho at 457, 470 P.3d at 1266. The Court of Appeals reversed, concluding that, "[b]ecause the State was not seeking restitution on behalf of the crime victim and the victim did not have standing to file a restitution motion, the district court lacked authority to consider the motion." *Id.* at 455, 470 P.3d at 1264. The court explained:

> Under Idaho's current statutory scheme, crime victims are not parties to a criminal case even for the limited purpose of seeking restitution and therefore lack standing to pursue a motion independently of a party. The Idaho Constitution provides "every action prosecuted by the people of the state as a party, against a person charged with a public offense, for the punishment of the same, shall be termed a criminal action." IDAHO CONST. art. V, § 1. This principle is echoed statutorily by I.C. § 19-104, which defines the State and the person charged as the only parties to criminal actions. At the core of these provisions is the belief that criminal prosecutions are public matters, sought by the State on behalf of its citizen, not contests between a defendant and a crime victim. *See State v. Gault*, 304 Conn. 330, 39 A.3d 1105, 1113 (2012).
>
> Although the Idaho Constitution enumerates a series of rights for crime victims, including the right "to restitution, as provided by law, from the person committing the offense that caused the victim's loss," it does not confer upon a crime victim the status of a party in a criminal proceeding. IDAHO CONST. art. I, § 22. This is true, even when the proceeding involves a restitution order. Although restitution statutes vary from state to state, it is generally understood while crime victims are sometimes present and often represented by counsel, the government is still the only party to the case, other than the defense, and procedurally, the prosecutor requests restitution. Cortney E. Lollar, *What Is Criminal Restitution?*, 100 IOWA L. REV. 93, 110 (2014).

*Id.* at 458, 470 P.3d at 1267 (footnote omitted).

We agree with the Court of Appeals. The only parties to a criminal action are the State and the defendant. I.C. § 19-104 ("A criminal action is prosecuted in the name of the state of Idaho, as a party, against the person charged with the offense."). "As a crime victim is not a party to a criminal case, the victim cannot intervene in a defendant's criminal proceeding because, unlike Idaho Rule of Civil Procedure 24, the Idaho Rules of Criminal Procedure do not provide a process for intervention." *Johnson*, 167 Idaho at 458, 470 P.3d at 1267. "The inability of non-parties to

7

intervene in a criminal case recognizes that the considerations underlying intervention in a civil case are not applicable to a criminal proceeding." *Id.*

"No other rule, statute, or constitutional provision allows a crime victim to independently intervene within a defendant's criminal case." *Id.* at 459, 470 P.3d at 1268. Idaho Code section 10-1111(1), relevant here, provides:

> Unless the judgment has been satisfied, at any time prior to the expiration of the lien created by section 10-1110, Idaho Code, or any renewal thereof, the court that entered the judgment, other than a judgment for child support, may, upon motion, renew such judgment by entry of an order renewing judgment.

I.C. § 10-1111(1). Assuming without deciding that an order of restitution for a crime victim may be renewed pursuant to Idaho Code section 10-1111 as the Industrial Commission contends, nothing in the plain language of the statute confers the right to intervene in a criminal case upon a victim. The statute simply states that the criminal court, as "the court that entered the judgment," "may, upon motion, renew such judgment[.]" We decline to read meaning into the statute that is not present in its plain language, particularly where doing so would give a victim "the authority to usurp the prosecutor's distinct position in a criminal case." *See Johnson*, 167 Idaho at 458, 470 P.3d at 1268.

Finally, we address the Commission's argument that, "[i]f a prosecutor is allowed to choose to not renew a civil [sic] judgment stemming from the recording of a validly entered restitution order but is free to instead let the victim's judgment lien expire, that would deny victims their constitutional right to restitution." The Commission's argument conflates "civil" and "criminal" judgments. Idaho Code section 19-5305(1) provides that "an order of restitution may be recorded as a judgment and *the victim may execute as provided by law for civil judgments*." I.C. § 19-5305(1) (italics added). That we have concluded victims do not have standing to intervene in a criminal case has no bearing on their ability to recover the restitution due on a civil judgment. Title 11 of the Idaho Code governs "Enforcement of Judgments in Civil Actions." I.C. §§ 11-101–731. Idaho Code section 11-101 explicitly contemplates the enforcement of a restitution order: "The party in whose favor a judgment for restitution to a victim of crime has been entered pursuant to section 19-5305, Idaho Code, may . . . have a writ of execution issued for its enforcement[.]" I.C. § 11-101. Furthermore, even if the victim in the underlying criminal case decides not to bring a civil suit, the Industrial Commission is authorized by statute to bring a civil action against a criminal defendant to recover compensation awarded to victims through the Crime Victims

8

Compensation Program. I.C. § 72-1023. Additionally, we note that, before the order of restitution expires, victims may record the restitution order and obtain "a lien upon all real property of the judgment debtor" pursuant to Idaho Code section 10-1110. I.C. § 10-1110. We recognize that crime victims are constitutionally entitled to restitution; however, our decision today simply "preserves the nature of criminal proceedings as a process between the State and the defendant[.]" *See Johnson*, 167 Idaho at 459, 470 P.3d at 1268. It does not foreclose victims from pursuing their right to restitution through the correct procedural path.

In sum, we hold that the district court did not err when it concluded the Industrial Commission did not have standing to pursue a renewal of an order of restitution. Because we conclude the Industrial Commission has no standing, we need not reach the other issues presented by this appeal.

## IV. CONCLUSION

For the reasons stated above, we affirm the district court's decision.

Chief Justice BEVAN, Justices BRODY, MOELLER and TROUT, J. Pro Tem, CONCUR.

9