**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48798**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 28, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| VALENTINO ALEX HERRERA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Jonathan P. Brody, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Valentino A. Herrera, Minnesota, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Valentino Alex Herrera appeals from the district court's order denying his Idaho Criminal Rule 35 motion. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Herrera was convicted by a jury of battery on a peace officer under former Idaho Code § 18-915(d) (2001). Thereafter, Herrera was found to be a persistent violator, providing for a sentencing enhancement, I.C. § 19-2514. The district court sentenced Herrera to a unified term of thirty years with ten years determinate. The court entered two restitution orders totaling $1,580.94, plus interest. Herrera's conviction and sentence were affirmed on appeal. *State v. Herrera*, 152 Idaho 24, 266 P.3d 499 (Ct. App. 2011).

Herrera filed multiple motions and post-conviction petitions over the course of several years, all of which were denied by the district court and affirmed on appeal. He also filed a Rule 35

1

motion which was likewise denied and affirmed on appeal by this Court in an unpublished opinion. *State v. Herrera*, Docket No. 47359 (Ct. App. Aug. 21, 2020).

Herrera filed another Rule 35 motion, arguing two grounds for relief. First, Herrera argued that his act of simple battery was "enhanced" to a felony by virtue of the victim being a former peace officer and enhanced again by application of the persistent violator enhancement all of which violated the double jeopardy clause of the Idaho and United States Constitutions. Second, Herrera argued that the restitution order entered in his case had expired under I.C. § 10-1111. The district court denied the motion, finding that Herrera's claims lacked merit, and in the alternative that the issues raised by Herrera were untimely and barred by res judicata. Herrera filed a notice of appeal and a motion for appointment of appellate counsel, which the district court denied, finding that the appeal was frivolous. Herrera timely appeals.

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Herrera argues that the district court erred when it denied his Rule 35 motion. In addition to asserting the merits of his double jeopardy and restitution arguments, Herrera also claims that the district court erred by holding that the motion was untimely. Herrera further claims that the district court erred when it denied his motion for appointment of counsel.

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where

new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Herrera argues that since a motion to correct an illegal sentence can be made at any time under Rule 35(a), the district court erred in holding that his motion was untimely filed. However, the district court did not hold that Herrera's motion was untimely filed. Rather, the district court found, in the alternative to its finding that Herrera's claims lacked merit, that to the extent Herrera's claims were not properly cognizable under Rule 35(a) they would be untimely.

As to the double jeopardy claim, Herrera argues that "enhancing a misdemeanor to a felony, then using that 'enhanced felony' to charge the appellant as a persistent violator of the law, would violate the prohibition on multiple enhancements, and multiple punishments for the same offense." As the district court found, this claim lacks merit. Herrera makes no direct claim and cites no authority for any proposition that charging him with and sentencing him for felony battery on a peace officer, rather than simple battery, is illegal, constitutes an "enhancement," or itself implicates double jeopardy concerns. Further, other than simple reference to double jeopardy provisions in the Idaho and United States Constitutions, Herrera cites no authority in support of his argument that the persistent violator sentencing enhancement violates his constitutional rights against double jeopardy. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Moreover, a sentencing enhancement does not violate double jeopardy as "[a]n enhanced sentence does not place the defendant in new jeopardy but instead imposes a harsher penalty for the underlying offense." *State v. Passons*, 163 Idaho 643, 648, 417 P.3d 240, 245 (2018); *see also United States v. Watts*, 519 U.S. 148, 154 (1997) (holding "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction"). Therefore, the district court did not err in finding that Herrera's double jeopardy claims lack merit.

As to the restitution claim, Herrera argues that the restitution order in his case was not renewed and that under I.C. § 10-1111, "the judgment is void if it is not renewed within ten years."[1]

---

[1]    In his reply brief, Herrera contends that the State failed to appreciate his full argument regarding restitution. He asserts that there was no provision in the restitution order that the State could collect restitution before "he was released on probation," and, therefore, "all money collected from the defendant, before he was released upon probation, was illegally taken from him." Herrera did not make this argument in his opening brief on appeal. This Court will not

As an initial matter, Herrera fails to cite any authority holding that claims relative to the terms or execution of a restitution order are cognizable as an illegal sentence claim under Rule 35(a). In addition, the district court did not err in denying the Rule 35 motion, as this issue could not be resolved on the face of the record but would require factual findings. Herrera suggests that the restitution order was recorded as a civil judgment and that it was never renewed, but these purported facts are not in the record. Herrera likewise cites no authority on appeal that I.C. § 10-1111, and its renewal provisions, applies to a restitution order. Idaho Code § 10-1111 does not refer to restitution orders in criminal cases, but to liens created by I.C. § 10-1110. Moreover, this Court rejected the claim in *Workman v. Rich*, 162 Idaho 711, 403 P.3d 1200 (Ct. App. 2017). Therefore, Herrera's argument that the restitution order expired is without merit.

Finally, Herrera asserts that the district court erred in denying his request for counsel. First, Herrera appears to claim that the district court erred in denying counsel to represent him on his Rule 35 motion in the district court. However, the record does not show that Herrera moved the district court for appointment of counsel in the district court proceedings and, thus, that issue is not properly before us. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Second, Herrera cites no authority and provides no argument as to how the district court erred in refusing to appoint appellate counsel. A party waives an issue on appeal if either authority or argument is lacking. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. Idaho Code § 19-852(2)(c) governs the appointment of counsel in post-judgment criminal proceedings and requires that counsel be appointed "unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." In denying the motion to appoint appellate counsel the district court found that the claims lacked merit and were frivolous. In the district court's order denying fee waiver,

---

consider arguments raised for the first time in an appellant's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005) ("reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief"). In any event, this argument fails for the same reasons as the expiration claim.

the district court referenced the order on appointment of counsel and stated: "No person hiring counsel would reasonably pay attorney's fees or spend money advancing this matter." Herrera's claims on appeal are frivolous and he has failed to show that the district court erred in refusing to appoint counsel.

## IV.

## CONCLUSION

The district court did not err in denying Herrera's Rule 35 motion. Further, the district court did not err in denying Herrera's motion for appointment of counsel either in district court or on appeal. Therefore, we affirm the district court's denial of Herrera's Rule 35 motion.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.